UNITED STATES DISTRICT COURT

DISTRICT OF PUERTO RICO

Norberto Morales-Rivera,         :           Criminal No. 99-CR-0185
          Petitioner,

                             :           Civil No._____

       v.

                             :

UNITED STATES OF AMERICA,
          Respondant.       :

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
UNDER 28 U.S.C. §2255

         AND NOW COMES Norberto Morales-Rivera, petitioner pro se, and respectfully moves this Honorable Court to issue an ORDER to show cause upon the United States Attorney for the District of Puerto Rico to respond to petitioner's material allegations of ineffective assistance of counsel and actual innocence claims.

         As grounds for this motion, petitioner submits the following:

I. <u>CASE HISTORY</u>

         On June 25, 1999, an indictment was returned against seven defendants, including petitioner, charging conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine, not less than 50 kilograms of cocaine base, and multi-kilogram quantities of marihuana, all in violation of 21 U.S.C. §846. Count two charged petitioner with aiding and abetting each other and did possess firearms in furtherance of a drug trafficking offense, 18 U.S.C. §924(c)(1) and (2). Count three charged using a deadly

-1-

weapon, and did assault FBI Special Agent Juan Miranda, while in the performance of his official duties, all in violation of 18 U.S.C. §111.

On May 24, 2002, a plea of guilty was entered pursuant to an unconditional plea agreement under the provisions of Rule 11 (e)(1)(C) of the the Federal Rules of Criminal Procedure calling for a sentence of 180 months for the drug offenses and 60 months consecutive for the firearms charge.

On September 19, 2002, petitioner was sentenced to the above referenced time pursuant to plea agreement.

Appeal was filed.

On August 8, 2003, the U.S. Court of Appeals for the First Circuit summarily affirmed the judgment of the district court.

II. ISSUE

Petitioner presents two issues in this §2255 motion: 1) Whether counsel was ineffective for failing to advise petitioner of a plea offer from the United States for a term of imprisonment of 17 years for the drug offense and firearms charge; and 2) Whether counsel was ineffective for advising petitioner to plead guilty to a firearms offense that he may be actual innocent of.

A. Rule of Law

A defendant claiming ineffective assistance of counsel must show: 1) that counsel's representation fell below an objective standard of reasonableness, and 2) that counsel's deficient performance prejudiced defendant. See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000)(quoting Strickland v. Washington, 466 U.S. 668 (1984)).

In this case, the United States communicated a plea offer to

-2-

petitioner's counsel that would have amounted to a plea to Count One of the
indictment, dismissal of the other charges, and a sentence of 17 years.
At no time during the criminal proceedings did counsel communicate said offer
to petitioner.  Petitioner submits that counsel's representation was defi-
cient in that he failed to discuss the plea bargain offered by the United
States with him.  A defendant has the right to make a reasonably informed
decision whether to accept a plea offer.  See Hill v. Lockhart, 474 U.S.
52, 56-57 (1985)(voluntariness of guilty plea depends on adequacy of counsel's
advice).  Moreover, knowledge of the sentence exposure between standing trial
and accepting a plea offer is often crucial to the discussion of whether
or not to accept that offer.  United States v. Day, 969 F.2d 39, 43 (3rd
Cir. 1992).

B. Applicability

Applying the Supreme Court precedent governing communication
of plea offers to defendants, petitioner submits that counsel was ineffective
for failing to communicate a more favorable plea offer.  In his detailed
and specific affidavit, petitioner submits that: 1) If he would have known
of a plea offer of 17 years he would  have accepted it; 2) the proposed plea
offer was much more favorable to what he had subsequently agreed to; and
3) He was never advised by counsel that there was communication of an offer
by the United States of 17 years, a more favorable plea that he would have
accepted.  This establishes the prejudice resulting from counsel's ineffective
assistance.

C. Conclusion

The remedy for such a violation "should be tailored to the in-

-3-

jury suffered from the constitutional violation and should not unnecessarily infringe upon competing interests." United States v. Morrison, 449 U.S. 361, 364 (1981). And petitioner requests to be allowed an opportunity to accept the plea agreement previously offered and to be resentenced accordingly.

D. Rule of Law (Issue II)

In this case, petitioner was charged with aiding and abetting each other and did possess firearms in furtherance of a drug trafficking offense, 18 U.S.C. §924(c). Petitioner inquired to counsel as to how could the United States convict him of said offense when there were not physical evidence of proof that he possessed a firearm to further drug trafficking activity. Counsel simply responded that the United States could convict petitioner of "aiding and abetting" of the firearms that were found in and during the prosecution of a different case that occurred in 1993-1994 by a co-defendant and use that case information as a basis to sustain a conviction for the instant charge under §924(c), and did not have to prove that the firearms were "actually possessed" to advance or promote the criminal activity.

Based upon counsel's advice, petitioner pleaded guilty.

However, a plea of guilty is constitutionally valid only to the extent it is "voluntary" and "intelligent." Brady v. United States, 397 U.S. 742, 748 (1970). The Supreme Court has long held that a plea does not qualify as intelligent unless a criminal defendant first receives "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." Smith v. O'Grady, 312 U.S. 329, 334 (1941).

-4-

E. Applicability

Applying Supreme Court precedent and the law with respect to the elements of proof necessary to sustain a conviction for a §924(c) offense that charges a defendant with possession of a firearm in furtherance of a drug trafficking offense, petitioner respectfully submits that his claim may be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquoy "has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986). To establish actual innocence, petitioner is well aware that he must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." See Schlup v. Delo, 513 U.S. 298, 327-328 (1995).

F. Conclusion

Accordingly, petitioner respectfully submits that he believes it appropriate to remand this case to the district court to permit him to attempt to make a showing of actual innocence. See Bousley v. United States, 523 U.S. 614, 623 (1998). Petitioner is well aware that in this regard, at any such evidentiary hearing on his actual innocence, that "actual innocence" means factual innocence, not mere legal insufficiency.

If, on remand, and conclusion of said evidentiary hearing on his actual innocence claim, petitioner can show that the plea colloquoy has resulted in the the conviction of one who is actual innocent, petitioner requests this Honorable Court to vacate the firearms charge, and ORDER a new trial on the firearms charge.

**PRAYER**

Petitioner, Norberto Morales-Rivera, hereby prays to this Hon-

-5-

orable Court for the following relief:

A) An ORDER TO SHOW CAUSE to be directed upon the United States Attorney for the District of Puerto Rico to respond to the allegations contained herein;

B) An ORDER remanding this case to the district court for an evidentiary hearing on the issue(s) presented hereing and test the truth of the off the record allegations in petitioner's 28 U.S.C. §1746 Certification;

C) An ORDER remanding this case to the district court for an evidentiary hearing on petitioner's "actual innocence" claim with respect to the §924(c) firearms charge, Bousley, 523 U.S. at 623;

1. If said evidentiary hearing(s) are ORDERED on the above claims, appointment of counsel is requested pursuant to 18 U.S.C. §3006A(2)(B);

D) Upon conclusion of said evidentiary hearing on whether counsel was ineffective for failing to communicate a more favorable plea offer, allow petitioner an opportunity to accept the United States' plea offer of 17 years as previously communicated to counsel, without any firearms charge;

E) Upon conclusion of the evidentiary hearing on petitioner's actual innocence claim, vacatur of the firearms charge and ORDER a new trial on the §924(c) offense, if the plea offer of 17 years is not presented to petitioner;

F) Any such other and further relief this Honorable Court deems just and appropriate in the interest of justice.

Done this _1st_ day of _November_, 2004.

Respectfully Submitted,

Norberto Morales-Rivera - Pro Se
Reg. No. 17731-069
LSCI Allenwood
P.O. Box 1000
White Deer, PA  17887-1000