UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| NORBERTO MORALES RIVERA | * | |
| Petitioner | * | |
| | * | CIVIL NO. 04-2306 (HL)(JA) |
| | * | CRIMINAL No. 99-185 (H L) |
| v. | * | |
| | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |
| | * | |
| _____ | * | |

UNITED STATES RESPONSE TO PETITIONER'S
"POST EVIDENTIARY HEARING MEMORANDUM OF LAW"

COMES NOW the United States of America, by and through the undersigned attorneys and very respectfully states and prays as follows:

PRELIMINARY STATEMENT

On May 23, 2002, Petitioner Norberto Morales Rivera, entered a plea of guilty to Counts One and Two of the Indictment pursuant to the Plea Agreement,[1] which was marked as Exhibit C, for the purposes of the hearing held before the Hon. Justo Arenas, United States Chief Magistrate Judge. On September 19, 2002, petitioner was sentenced (D.E. 376) in Count One to 180 months of imprisonment as per the terms of the Plea Agreement and to a consecutive term of imprisonment of five (5) years.  The Court of

---

[1] The Plea Agreement is one pursuant to Rule 11(e)(1)(C), FRCP, which was accepted by the District Court and defendant was sentenced to the exact sentence he negotiated. The referred Plea Agreement makes no mention or reference to a "Package Plea Agreeement."

Appeals for the First Circuit summarily affirmed the sentence of the District Court on August 8, 2003.  On November 1, 2004, more than a year after the Court of Appeals affirmed the sentence of the District Court, the Petition in the case at bar followed.  No allegation was made by Petitioner regarding the date when he became aware of the existence of the alleged plea offer.

On February 13, 2006, the above captioned parties appeared before Hon. Justo Arenas, Chief United States Magistrate-Judge of this District for an evidentiary hearing.  Petitioner took the witness stand on his own behalf to claim ineffective assistance of counsel by former attorney of record John F. Cicilline.  Attorney Frank Inserni, counsel for a co-defendant Pedro Bonilla Marengo  took the witness stand for the purpose of establishing the contents of a self serving letter addressed to former AUSA Miguel Pereira purporting to contain the terms of a "package plea".  Attorney Frank Inserni failed to mention that he wrote other letters[2] after the date of the letter in question which reflect different plea offers and counter offers, all of which discredit the finality of the alleged plea offers in his letter dated January 3, 2001.  The finality of this letter is further discredited by the fact that it contains no mention of a plea to a firearms count (Count Two)  containing a consecutive

---

[2] Other letters of attorney Frank Inserni, found in government's file, are attached and made part of this reply.

CIVIL NO. 04-2306(HL)(JA)                                                                 <u>Page No. 3</u>

sentence of imprisonment.  Fortunately, the undersigned was able to find these letters in the file of the case and very respectfully submits that they should be considered to make the determination that the plea to seventeen (17) years of imprisonment was never available nor a viable option to Petitioner.  The letters of attorney Frank Inserni are hereby attached and made part of this response.  Also attached is a copy of a letter by Assistant U.S. Attorney Daniel J. Vaccaro dated April 15, 2003, which reveals that by April 8, 2002, the client of attorney Frank Inserni ( Pedro L. Bonilla Marengo) was still making counter offers and the terms of those were not accepted by the government.

    A perusal of the history of this case, through the docket entries, reveals that during the span of time where the alleged negotiations towards a plea agreement were taking place, defendants were filing dispositive motions.  On September 5, 2000, Petitioner filed six (6) motions, among them, a motion to dismiss the Indictment, a motion for a bill of particulars, a motion for disclosure of exculpatory evidence, a motion to produce, a motion in limine and a motion to suppress the result of certain interceptions (D.E. 172-178).  All the above motions were referred to a Magistrate-Judge and on March 22, 2001, the Magistrate-Judge issued a Report and Recommendation

CIVIL NO. 04-2306(HL)(JA)                                                          <u>Page No.  4</u>

regarding all petitioner's motions (D.E. 217).  On April 3, 2001, a Superseding Indictment was returned adding a new defendant to Count One of the original Indictment (D.E. 219).  On July 3, 2001, Petitioner filed a motion petitioner filed a motion to suppress seized items and a request to be transferred to the general population (D.E. 245 and 246).  On January 30 2002, petitioner filed a subsequent motion to dismiss (D.E. 274).  This motion was denied by the District Court on March 4, 2002 (D.E. 285).  The Court also denied motions to suppress seized items and interceptions.  On April 3, 2002, the Hon. Brock Hornby, United States District Judge (siting by designation)  denied defendant's motion to dismiss the Indictment for Violations of the Speedy Trial Act, Title 18, U.S.C §3161 to 3174 (1994).  It should be noted that Pedro Bonilla Marengo[3] had joined this motion.  This action by defendant Pedro Bonilla Marengo belies the alleged finality of the plea negotiations as testified to by counsel Inserni.  An alleged plea offer cannot forever bind the government when defendants continue to file motions whose dispositive effects might terminate government's case.  The government is not compelled to wait until defendants have exhausted all available remedies and motions to dismiss.

---

[3] Represented by counsel Frank Inserni.

CIVIL NO. 04-2306(HL)(JA)                                                                  Page No.  5

Petitioner Norberto Morales Rivera testified at the hearing held on February 13, 2006, in essence that after the Court of Appeals affirmed the conviction in his case, attorney John Cicilline returned the file to him and he went through the same and found a page of a letter by attorney Frank Inserni, counsel where there was an offer of a sentence of seventeen (17) years of imprisonment that he would have accepted.  There has been no further development by counsel on Petitioner's initial allegation that he was innocent of the firearm offenses.  On the contrary, to questions by defense counsel he stated that he pled guilty because he was indeed guilty.

At the aforementioned hearing of February 13, 2006, the United States offered in evidence the transcript of the Change of Plea Hearing of May 24, 2002, before the Hon. Hector Laffitte.  This transcript DOES NOT contain any statement to the Court by any of the four attorneys for the four defendants entering a plea of guilty at the time nor from the prosecutor informing the Honorable Court that it was a "package plea."  The plea agreement of the Petitioner in this case does not shows the existence of a "package plea."  It does reflect that it was a plea entered pursuant to Rule 11(e)(1)(C)[4], and that all defendants were duly advised of the strictures of that particular Rule.

---

[4] Change of Plea Transcript, Page 14, lines 6 to 25.

CIVIL NO. 04-2306(HL)(JA)                                                                 Page No.  6

The sentencing transcript does not shows that the plea in this case fell within the realm of the "package plea."  What the transcript of the Change of Plea Hearing does show is that all the defendants that pled guilty, including Petitioner denied the existence of any term or condition other than the ones set forth in the plea agreements (COP, pp. 39-40)[5].

## ARGUMENT

**I.  The alleged "package plea" offer in the letter of attorney Frank Inserni, is not enforceable by Petitioner Norberto Morales Rivera even if considered as such for the sake of argument.**

The letter of attorney Frank Inserni, <u>dated January 3, 2001</u>, makes reference to a package plea offer.  A package plea is contingent on all the persons included in the same to enter the plea as proposed.  See <u>United States v. Gonzalez</u>, 219 F.3d 37, at page 43 (1st. Cir 2000).  If any of the persons offered the "package plea" rejects the same, then none of the others included in the package can enforce the plea on the government even if they were in conformity with the terms offered.  At this stage it does not really matters if Petitioner would have accepted the offer in the so called "package plea" or if his attorney failed to notify him.  We know from the

---

[5] This negation reflects that none of the other defendants pleading guilty along with Petitioner recognized any other plea offers nor a previous promise for a lesser sentence other than those negotiated for this specific hearing and put in writing in the plea agreement.

CIVIL NO. 04-2306(HL)(JA)                                                        Page No.  7

letter of AUSA Vaccaro dated January 29, 2002, that by that date there were no final negotiations with any of the remaining co-defendants[6] in the case and that prior plea negotiations and plea offers had been rejected by the defendants.  Said letter further shows at paragraph two of page three(3) that the alleged offer of October 17, 2000, brought forward in attorney Inserni's referenced letter of January 3, 2001, was rejected by the defendants and continued to be rejected by them to January 2, 2001.

The history of this case also permits the Honorable Court to determine that there were no binding agreements with any of the defendants prior to the date when the Plea Agreements were finalized. The evidence in this case also reflects that after defendant's motions were denied by the Court, Petitioner became interested in obtaining a plea agreement.  At this juncture, Petitioner is using Mr. Inserni's letter of January 3, 2001, in an attempt to take three (3) full years off from his sentence.

The United States respectfully submits that in the best scenario for the Petitioner, assuming for argument purposes that an offer of 17 years of imprisonment was made sans an additional term for the firearm violations, the government had a right to withdraw that offer at any time if at least one

---

[6] [1] Norberto Morales Rivera (Petitioner), [2] Jerry Martinez Marti, [3] Francisco Irizarry Mendoza, [4] Carlos A. Parrilla Elicier, [5] Victor Medero Ruiz, [6] Pedro Bonilla Marengo and Andres Villalongo Ortega.

CIVIL NO. 04-2306(HL)(JA)                                                        Page No.  8

of the defendants in the "package plea" offer had rejected it.  Even in that scenario, it would have been inconsequential if attorney John Cicilline failed to transmit the offer to Petitioner.  See, <u>Boria v. Keane</u>, 99 F.3d 492, 496 (2d. Cir. 1996).

The subsequent letters of Mr. Inserni, included herein as attachments reflect that his own client had not accepted the alleged plea and had kept making additional offers beyond the date of April 8, 2002.  The testimony of Mr. Frank Inserni also reflected that attorneys and clients for this case all met with regularity at MDC-Guaynabo to discuss matters related to the case. It is difficult to assume that plea possibilities were kept out of these discussions with their clients.

In making credibility assessments, this Honorable Court must also consider the letter of former AUSA Daniel Vaccaro which was also presented as a exhibit for the government.  The same is addressed to various attorneys representing the remaining defendants in this case, including Petitioner's attorney and Mr. Frank Inserni.  This case is a formal Plea Offer (paragraph III- Plea Offer at page 8), purporting to have the approval of AUSA Sonia Torres, then Chief of the Narcotics Section.  This letter contains at page 2 a "History of Plea Negotiation" which has not been controverted by Petitioner and his counsel nor by Mr. Inserni.   This letter contains an account of at

CIVIL NO. 04-2306(HL)(JA)                                                                    <u>Page No.  9</u>

least five different plea offers by the government and the subsequent rejection of said offers by defendants. Also attached, please take notice of the letter of AUSA Daniel J. Vaccaro dated April 15, 2002, where a counter offer by attorney Frank Inserni on behalf of his client is rejected. Furthermore, in that same letter, attorney Inserni is advised in no uncertain terms that "[Y]our client can accept our offer as set forth in my letter dated March 21, 2002 or proceed to trial." In that same letter a final term for filing the motion for change of plea is informed.

**II.  Counsel For Petitioner Was Not Ineffective and Did Not Fail To Communicate Plea Offers by the United States.**

The arguments presented and the jurisprudence cited by the United States in previous filings in this case are hereby adopted by reference and submitted in addition to the following:

Petitioner is asking this Honorable Court to assume that the letter of <u>January 3, 2001</u>, by attorney Frank Inserni is the formal method by which the United States Attorney's Office submits a plea offer to attorneys representing the defendants. The evidence in this case reflects otherwise. The evidence shows that while the alleged plea negotiations were on-going, counsel for the Petitioner avidly continued to file motions which could have disposed of the case. It is also counter to the allegations of this case that none of the attorneys representing other defendants required the

CIVIL NO. 04-2306(HL)(JA)                                                                Page No. 10

government to comply with the alleged "package plea" nor opposed the terms of the letter by AUSA Vaccaro stating that defendants had rejected at least five (5) prior plea offers.

Contrary to the allegations of the Petitioner in open Court, the record of this case reflects that his former attorney, John Cicilline, did negotiate a plea agreement with the government which was contemporary to the pleas negotiated by the other co-defendants and that it was for a substantially lower term of imprisonment to that which defendant might have been exposed had he faced trial.

In this case, Petitioner has failed to show that his counsel's performance was deficient and second that this deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668 (1984) at page 687. See Bucuvalas v. United States, 98 F.3d 652, 658 (1st. Cir 1996). See also Bonneau v. United States, 961 F.2d 17, 20 (1st. Cir. 1992). The Petitioner has the burden of proving both prongs of this test and the burden is a heavy one. Bucuvalas, 98 F.3d at 658. An attorney's performance is deficient if it is "so inferior as to be objectively unreasonable" Id. (quoting U.S. v. McGill, 11 F.3d 223, 226 (1st. Cir 1993).

In this and in any other case, a defendant must overcome the

CIVIL NO. 04-2306(HL)(JA)                                                                                          Page No. 11

presumption that his counsel's performance could be considered sound trial strategy. <u>Michel v. Louisiana</u>, 350 U.S. 91 (1955). There is a strong presumption that the counsel's performance comes within the wide range of reasonable professional assistance. <u>Strickland</u>, 486 U.S. at 689. The allegation that attorney John Cicilline did not notify Petitioner of an alleged package plea offer is contrary to all his efforts filing motions with the Court. Its equally incredible that assuming Mr. Inserni and all other attorneys informed their respective clients of the "package plea," the Petitioner in this case was left out of this outstanding development in the case and this "studious ignorance" persisted until the time when the appeal failed and he was handed the file of his case.

The United States respectfully submits that this case must be resolved on either/or of two different grounds . The first factor involves the lack of credibility of the defendant and the second is that even if for the sake of argument, credibility is given to the fact that there was a package plea offer, the rejection by the other co-defendants makes moot the credibility issue of whether counsel did inform or totally failed to inform Petitioner of the so called "package plea."

CIVIL NO. 04-2306(HL)(JA)                                              Page No.  12

Wherefore, the United States respectfully requests that Petitioner's request for relief pursuant to Title 28, United States Code, §2255, be DENIED.

San Juan, Puerto Rico, this 27th. day of February, 2006.

Respectfully submitted.

                H. S. GARCIA
                UNITED STATES ATTORNEY

                S/Antonio R. Bazán, 117007
                Assistant U.S. Attorney
                Criminal Division
                Torre Chardón, 16th. Floor
                #350 Chardón Avenue
                Hato Rey, Puerto Rico, 00918
                Tel. (787) 766-5650

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2006, I electronically filed the foregoing document with the Clerk of the Court Cm/ECF system which will send notification of such filling to:
1. Hector L. Ramos Vega, Esq.
2. Francisco Varcarcel-Fuster, Esq.

                S/ Antonio R. Bazán