UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| NORBERTO MORALES RIVERA | * | |
| Petitioner | * | |
| | * | CIVIL NO. 04-2306 (JAF) |
| | * | CRIMINAL No. 99-185 (H L) |
| v. | * | |
| | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |
| Respondent | * | |
| | * | |
| _____ | * | |

**UNITED STATES OPPOSITION TO PETITIONER'S MOTION
FOR RECONSIDERATION AND/OR CERTIFICATE OF APPEALABILITY**

COMES NOW the United States of America, by and through the undersigned attorneys and very respectfully states and prays as follows:

1.  The above captioned Petitioner has filed a motion requesting reconsideration of the Order of this Court (Document 50) of August 6, 2007 adopting the Report and Recommendation of Hon. Justo Arenas, United States Magistrate Judge. Minutes after the filing of the above motion, Petitioner, through his counsel of record, also filed a "Notice of Appeal (Document 51)".

2.  It is respectfully submitted  that the appeal taken by Petitioner in this case, has divested this Honorable Court of jurisdiction to further entertain matters related to this case, including the reconsideration requested.  See  United States v. Brooks, 145 F.3d 446, 457 (1st. Cir. 1998).

**Civil No. 04-2306(JAF)**
**Criminal No. 99-185(HL)**                                    <u>Page No. 2</u>

The United States further submits that as a general rule, the filing of a notice of appeal "divests a district court of authority to proceed with respect to any matter touching upon, or involved in the appeal." <u>United States v. Mala</u>, 7 F.3d 1058, 1061 (1st. Cir. 1993). Shared jurisdiction almost always portends a potential for conflict and confusion. <u>See</u> <u>United States v</u>. <u>Ienco</u>, 126 F.3d 1016, 1018 (7th. Cir. 1997). Allowing more than one court to take charge of a case at any given moment often disserves the interest of comity and judicial economy. <u>See</u> <u>Shewchun v. United States</u>, 797 F.2d 941, 943 (11th. Cir. 1986).

3. In opposition to defendant's motion for reconsideration, the United States adopts all the allegations contained in its prior motion of February 27, 2006, and respectfully resubmits them to this Honorable Court.

4. A perusal of the history of this case, through the docket entries, reveals that during the span of time where the alleged negotiations towards a plea agreement were taking place, defendants continued to file dispositive motions. On September 5, 2000, Petitioner Morales-Rivera filed six (6) motions, among them, a motion to dismiss the Indictment, a motion for a bill of particulars, a motion for disclosure of exculpatory evidence, a motion to produce, a motion in-limine and a motion to suppress the result of certain interceptions (D.E. 172-178). All the above motions were referred to a Magistrate-Judge and on March 22, 2001, the Magistrate-Judge issued a

**Civil No. 04-2306(JAF)**
**Criminal No. 99-185(HL)**                                    <u>Page No. 3</u>

Report and Recommendation regarding all petitioner's motions (D.E. 217).

On April 3, 2001, a Superseding Indictment was returned adding a new

defendant to Count One of the original Indictment (D.E. 219). On July 3,

2001, Petitioner filed a motion to suppress seized items and a request to be

transferred to the general population (D.E. 245 and 246). On January 30

2002, petitioner filed a subsequent motion to dismiss (D.E. 274). This

motion was denied by the District Court on March 4, 2002 (D.E. 285). The

Court also denied motions to suppress seized items and interceptions. On

April 3, 2002, the Hon. Brock Hornby, United States District Judge (siting by

designation)  denied defendant's motion to dismiss the Indictment for

Violations of the Speedy Trial Act, Title 18, U.S.C §3161 to 3174 (1994). It

should be noted that Pedro Bonilla Marengo[1] had joined this motion. This

action by defendant Pedro Bonilla Marengo belies the alleged finality of the

plea negotiations as testified to by counsel Inserni. An alleged plea offer

cannot forever bind the government when defendants continue to file

motions whose dispositive effects might terminate government's case. The

government is not compelled to wait until defendants have exhausted all

available remedies and motions to dismiss. See <u>United</u> <u>States v. Gonzalez</u>,

219 F.3d 37, at page 43 (1st. Cir 2000). If any of the persons offered the

"package plea" rejects the same, then none of the others included in the

_____

[1] Represented by counsel Frank Inserni.

**Civil No. 04-2306(JAF)**
**Criminal No. 99-185(HL)**                                                          <u>Page No. 4</u>

package can enforce the plea on the government even if they were in

conformity with the terms offered.  At this stage it does not really matters if

Petitioner would have accepted the offer in the so called "package plea" or if

his attorney failed to notify him.

    Wherefore, the United States respectfully requests that Petitioner's

motion for reconsideration be, DENIED.

    San Juan, Puerto Rico, this 4th. day of September, 2007.

    Respectfully submitted.

                ROSA EMILIA RODRIGUEZ-VELEZ
                UNITED STATES ATTORNEY


                S/Antonio R. Bazán, 117007
                Senior Litigation Counsel
                Criminal Division
                Torre Chardón, 16th. Floor
                #350 Chardón Avenue
                Hato Rey, Puerto Rico, 00918
                Tel. (787) 766-5650


## <u>CERTIFICATE OF SERVICE</u>

    I hereby certify that on September 4, 2007, I electronically filed the foregoing document with the Clerk of the Court Cm/ECF system which will send notification of such filling to:

1. Hector L. Ramos Vega, Esq.
2. Francisco Varcarcel-Fuster, Esq.

                S/ Antonio R. Bazán
                Senior Litigation Counsel